FILED

January 6, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:02 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Doris Elaine Johnson,<br>    Employee,<br>v.<br><br>Western Express,<br>    Employer. | ) Docket No.: 2015-01-0182<br>)<br>) State File No.: 52073-2015<br>)<br>)<br>) Judge Thomas Wyatt<br>) |

---

## EXPEDITED HEARING ORDER DENYING CLAIM FOR TEMPORARY DISABILITY AND MEDICAL BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge on December 22, 2015, upon the Request for Expedited Hearing (REH) and accompanying affidavit filed October 19, 2015, by the employee, Doris Elaine Johnson, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The Court conducted a telephonic hearing in this matter during which Ms. Johnson represented herself, and Attorney Andrew Saulters represented the employer, Western Express. Ms. Johnson asked the Court to award temporary disability and medical benefits based on alleged injuries sustained in falls occurring while she performed activities in the course and scope of her employment as a truck driver.

The central issue for determination is whether Ms. Johnson came forward with sufficient medical evidence to prove her entitlement to the requested benefits. For the reasons set forth below, the Court finds Ms. Johnson has not shown she is likely to prevail at a hearing on the merits that she is entitled to the requested benefits.

### History of Claim

Ms. Johnson is a sixty-one-year-old resident of Knoxville, Alabama. (T.R. 1 at 1.) She testified that she began driving for Western Express on February 4, 2015. She quit her job at Western Express approximately three weeks later.

Ms. Johnson testified she arrived in Rochester, New York on February 17, 2015, to deliver a load. According to Ms. Johnson, she slipped and fell while walking up steps

1

in blizzard conditions to gather instructions about where to unload her truck. She allegedly injured her left side and left leg when she fell and had swelling and redness in her left leg. Nonetheless, she delivered the load and accepted another load destined for a Walmart store in Crawford, Virginia.

Ms. Johnson next testified she arrived in Crawford, Virginia on February 21, 2015, during a severe snow storm. She stated that she fell again while attempting to operate the fifth wheel of her truck and injured her upper back, head, neck, shoulder, and low back. Despite her alleged injuries, Ms. Johnson delivered her load.

Ms. Johnson testified she then drove to a truck plaza and purchased Aleve and Tylenol, which she took for the pain caused by her fall. She stated she called Judy Larson, Western Express' workers' compensation manager, the next day. She reported her injury and told Ms. Larson she wanted to see her own doctor. According to Ms. Johnson, Ms. Larson agreed for her to see her own doctor, but wanted her to see Western Express' doctor as well.

Ms. Johnson stated that Western Express next assigned her to deliver a load to a destination in Kentucky. She testified that Western Express cleared her to return to its terminal in Birmingham, Alabama so she could take time off work after she delivered the load in Kentucky. Ms. Johnson testified she delivered the load in Kentucky, but Western Express then dispatched her to drive to a location in Connecticut instead of returning home. When Western Express' dispatcher insisted she drive to Connecticut after she told him she was hurt, Ms. Johnson quit and drove to a terminal in Nashville, where she removed her personal items out her truck. Ms. Johnson then took a bus home to Alabama.

Ms. Johnson testified she first sought treatment at a walk-in health clinic near her home. She admitted Western Express did not authorize this visit. After conceding on cross-examination that Ms. Larson told her that Western Express would only pay for treatment by physicians it authorized, Ms. Johnson stated on redirect that she called Ms. Larson's number several times about obtaining authorization for treatment. She testified that a person answered only one of her calls and, on that occasion, the person who answered told her she would need to talk to Ms. Larson about authorization for treatment.

Western Express called Ms. Larson as a witness at the hearing. She testified she worked as a workers' compensation manager for Western Express, holding that position for nine years. Ms. Larson testified she spoke to Ms. Johnson at 11:55 a.m. on February 22, 2015, and Ms. Johnson told her she suffered injuries in a work-related fall. Ms. Larson stated she offered Ms. Johnson treatment at a facility near her location, but Ms. Johnson declined, stating she wanted to see her personal physician first. Ms. Larson testified she told Ms. Johnson to call her about authorized care after she had seen her personal physician. Ms. Larson also stated that Western Express does not authorize

2

injured employees to see their own physicians for authorized treatment, and she did not authorize Ms. Johnson to do so.

Ms. Larson testified she attempted to contact Ms. Johnson by phone and text message on February 24 and March 3, 2015, but did not reach her. She testified an adjuster for Western Express' carrier also unsuccessfully attempted to reach Ms. Johnson. Ms. Larson stated she did not hear back from Ms. Johnson until July 2015. Ms. Larson averred that she told Ms. Johnson during the July call to request treatment from the adjuster.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Tennessee Code Annotated section 50-6-102(14) (2015)[1] sets forth the "causation" definitions applicable to work injuries occurring on or after July 1, 2014. The key definitions contained in this provision are:

- A work injury is compensable only if accidental. Tenn. Code Ann. § 50-6-102(13) (2015). The law defines "accidental" as the causation of a condition by a specific incident, or set of incidents, identifiable by time and location of occurrence, arising primarily out of and in the course and scope

---

[1] The 2014 codification of the Workers' Compensation Law enumerates this provision as section 50-6-102(13).

of employment. Tenn. Code Ann. § 50-6-102(14)(A) (2015).

- An aggravation of a pre-existing condition is compensable if the aggravating accident itself arose primarily out of and in the course and scope of employment. *Id.*
- An injury or pre-existing condition, and the disablement and need for treatment therefrom, arise primarily out of and in the course and scope of employment only if the employment contributed more than fifty percent in causing it, considering all causes. Tenn. Code Ann. § 50-6-102(14)(B), (C) (2015).
- An employee must establish causation by expert medical opinion stated to a reasonable degree of medical certainty, considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

The law places the burden on Ms. Johnson to prove that she sustained disability and the need for medical care from an "accidental" injury as defined above. That burden specifically requires that she prove causation *by expert medical opinion. See* Tenn. Code Ann. § 50-6-102(14) (2015).

The only medical evidence submitted by Ms. Johnson in support of her claim is a six-page compilation of records documenting an October 11, 2015 emergency room visit at a DCH Health Systems facility. (Ex. 2.) The depiction of the text of the submitted records is so blurred that some of the text is illegible. To the extent the records are legible, they do not contain any medical expert opinion addressing causation. *Id.*

In view of Ms. Johnson's failure to come forward with medical expert opinion establishing that she sustained injury arising out of and in the course and scope of employment, the Court finds she is not likely to prevail at a hearing on the merits in establishing her claim for temporary disability and medical benefits. Accordingly, the Court denies the relief she requests in her REH.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Johnson's requests for temporary disability and medical benefits are denied.

2. This matter is set for an Initial (Scheduling) Hearing on **Thursday, February 25, 2016, at 10:00 a.m. Eastern Time.**

**ENTERED this the 6th day of January, 2016.**

Judge Thomas Wyatt
Court of Workers' Compensation Claims

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 855-747-1721 (toll-free) or 615-741-3061 to participate at 9:00 a.m. Eastern Time on February 25, 2016.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

**Technical Record:**

The Court reviewed the following documents and designates these documents as the Technical Record:

1. Petition for Benefit Determination (PBD), filed July 10, 2015;
2. Dispute Certification Notice (DCN), filed August 18, 2015;
3. Request for Expedited Hearing, filed October 14, 2015; and
4. Affidavit of Doris Elaine Johnson, filed November 4, 2015.

**Exhibits:**

The Court admitted the following items of evidence as exhibits during the telephonic Expedited Hearing:

1. Affidavit of Doris Elaine Johnson; and
2. Records of DCH Healthcare.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Claim For Temporary Total Disability and Medical Benefits was sent to the following recipients by the following methods of service on this the 7th day of January, 2016.

| Name | Certified Mail | Via Email | Service sent to: |
|------|----------------|-----------|------------------|
| Doris Johnson, Self-Represented | X | X | Dot1918@live.com |
| Andrew Saulters, Attorneys | | X | dsaulters@ortalekelley.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

1